# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Harvell, | No. CV-12-00751-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Louis Winn, | |
| Defendant. | |

Pending before the Court are Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1), Defendant's Return and Answer (Doc. 16), and Magistrate Judge Charles R. Pyle's Report and Recommendation (R & R) (Doc. 18). The parties did not file objections to Judge Pyle's R & R. The Court accepts and adopts Magistrate Judge Pyle's January 30, 2015 R & R (Doc. 18) as the findings of fact and conclusions of law of this Court and dismisses Plaintiff's suit.

## I.   Background

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Pyle's R & R (Doc. 18). This Court fully incorporates by reference the "Background" section of the R & R into this Order.

## II.   Discussion

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or

return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes to Fed.R.Civ.P. 72 (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted).

Here, the parties have not objected to the R & R (Doc. 18), which relieves the Court of its obligation to review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). This Court considers

1 the R & R to be thorough and well-reasoned.  After a thorough and de novo review of the
2 record, the Court will adopt the R & R of Magistrate Judge Pyle (Doc. 18).
3      Accordingly,
4      **IT IS HEREBY ORDERED** that Magistrate Judge Pyle's Report and
5 Recommendation (Doc. 18) is **ACCEPTED** and **ADOPTED** as the findings of fact and
6 conclusions of law by this Court.
7      **IT IS FURTHER ORDERED** that this matter is **dismissed**.  The Clerk of the
8 Court is directed to enter judgment accordingly and close this case.
9      DATED this 24th day of April, 2015.

_____
Raner C. Collins
Chief United States District Judge